# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SPADE,<br><br>      Plaintiff,<br><br>v.<br><br>S. POINDEXTER, et al.,<br><br>      Defendants. | Case No. CV 15-217 SVW (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

    The Court vacates the reference of this action to the Magistrate Judge and dismisses the action with prejudice for failure to prosecute and for failure of a pro se litigant to update his address with the Court.

* * *

    This is a pro se prisoner civil rights action. Plaintiff contends that prison staff caused him injury by failing to honor a medical "chrono" restriction. (Docket # 1.) In January 2015, Magistrate Judge Wilner screened the complaint and directed the Marshals Service to serve it on one of the named defendants. (Docket # 5, 6.)

The Post Office returned the Court's orders as undeliverable. (Docket # 10, 11.) The defense moved to dismiss the complaint. (Docket # 16.) In the dismissal motion, the defense noted that Plaintiff was recently paroled from custody, which was the reason that mail sent to the prison had been returned. The Attorney General further noted that Plaintiff did not give an updated residential or personal address to his parole officer. (Id. at 9 n.1.)

According to the Court's docket, Plaintiff never updated his address with the Court as required by Judge Wilner's original case management order (Docket # 5 at 4) and under Local Rule 41-6. That Local Rule requires a pro se litigant to update his or her mailing address or risk dismissal of the action for lack of prosecution.

In April 2015, Judge Wilner issued an order to show cause why the action should not be dismissed based on Petitioner's failure to prosecute the case and his failure to update his mailing address as required. (Docket # 18.) Petitioner failed to file any response to the order, presumably because the Post Office returned the order to the Court as undeliverable. (Docket # 19.) The Court has not received any filing from Petitioner since the commencement of the action several months ago.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition

of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

     Additionally, Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

     In the present action, the Court finds dismissal of the action is appropriate. Plaintiff failed to provide the Court with up-to-date contact information. As a result, numerous orders from this Court have been returned as undeliverable. The magistrate judge attempted to contact Petitioner, and gave him ample opportunity to update his address with the Court. Plaintiff's failure to update his address as required by Local Rule 41-6 demonstrates that he has no interest in advancing the action here.

     By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this Court with his current whereabouts. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a pro se (but now non-custodial) litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

1  Accordingly, for the above reasons, this action is DISMISSED without
2  prejudice.
3  IT IS SO ORDERED.

Dated: May 27, 2015

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE